**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 11, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ADAM FLETCHER YOUNG,

　　　　Plaintiff-Appellee,

v.

BILL WINCHESTER, Sheriff,
Garfield County; MISTY TAYLOR,
Jail Administrator; TRACY
DICKSON, Jailer,

　　　　Defendants-Appellants,

COUNTY OF GARFIELD;
GARFIELD COUNTY DETENTION
CENTER AUTHORITY, an OK "Title
60" Authority; RANDY COLEMAN,
Deputy Jail Administrator; TONY
STOKES, Jailer; SHEILA GABRIEL,
Jailer,

　　　　Defendants.

No. 08-6237
(D.C. No. 5:06-CV-00146-D)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY**, and **BRISCOE**, Circuit Judges.

---

[*]　　　After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Adam Fletcher Young filed a 42 U.S.C. § 1983 action against defendants-appellants Bill Winchester, Misty Taylor, and Tracy Dickson, alleging in Counts I and II of the Amended Complaint that they violated his constitutional rights by failing to protect him from harm when he was imprisoned in the Garfield County Jail. Defendants moved for summary judgment on the basis of qualified immunity. The district court concluded that there were genuine issues of material fact in dispute that precluded summary judgment in favor of Winchester and Taylor on Counts I and II, and in favor of Dickson on Count I.[1] Defendants filed an interlocutory appeal from the denial of their motion for summary judgment. We conclude that we lack jurisdiction over this interlocutory appeal and therefore the appeal must be dismissed.

Background

Young's failure-to-protect claims stem from two alleged attacks while he was in custody at the Garfield County Jail. The first attack occurred on August 7, 2005. Prior to the first attack, Young had filed a grievance in which he notified Taylor and Winchester that another inmate, Isaac Sevilla, had shown him the home addresses of his family members and friends. Young indicated that Sevilla

---

[1] All other claims in Young's complaint against these and the other named defendants were resolved in favor of defendants and are not at issue in this appeal. Accordingly, when we refer to "defendants," we are referring solely to Bill Winchester, Misty Taylor, and Tracy Dickson.

was doing this as a "veiled threat" and that Sevilla had offered to sell the addresses back to him. Aplt. App. at 347. He asked for Taylor and Winchester to "prevent [Sevilla] from acquiring my family['s] addresses and to prevent [Sevilla] from following through on his threats to me and my family." *Id.* A few days after he filed the grievance, Young spoke to Taylor and expressed concern about paying Sevilla for the addresses. He told her that he suspected Sevilla may have written them down elsewhere and would try to sell them to him again or continue to threaten him.

On August 9, Young filed another grievance, reporting that on the night of August 7, while he was asleep, his electric cell door opened and two inmates came in and attacked him. He stated that after the attack Dickson had the "trusty" bring him a mop and bucket and made him clean up his own blood in his cell. *Id.* at 331. Young also indicated in the grievance that Dickson was working in the control tower at the time of the attack and was responsible for opening his cell door. Young did not identify his attackers in the grievance.

On August 16, Sevilla informed Taylor that he had attacked Young on the night of August 7. Sevilla gave a different version of the attack and also gave Taylor some notes that he and Young had exchanged about an escape attempt that Young was planning. On August 19, the second attack occurred when Young was left unattended in an open room with Sevilla and other inmates.

In February 2006, Young filed his § 1983 action. In his amended complaint, he alleged that his constitutional rights were violated when Taylor, Winchester and Dickson failed to protect him from the attack on August 7, 2005 (Count I), and when Taylor and Winchester failed to protect him from the attack on August 19, 2005 (Count II). Defendants moved for summary judgment on the basis of qualified immunity.

The District Court's Decision

The Magistrate Judge issued a Report and Recommendation, concluding that summary judgment should be denied because there was evidence establishing that defendants were aware of and disregarded a substantial risk to Young's safety and because a prison official's obligation to protect a prisoner's safety is a clearly established constitutional right.

Defendants objected to the Magistrate Judge's report and recommendation. First, defendants challenged the Magistrate Judge's finding that they had sufficient knowledge that another inmate was likely to injure Young and that they disregarded that risk. With respect to the first attack, defendants argued that the grievance about Sevilla's extortion attempt and Young's conversation with Taylor about that attempt did not lead them to believe that Sevilla posed a physical threat to Young. With respect to the second attack, defendants acknowledged that Sevilla had confessed to the first attack but argued Sevilla had told them that

Young provoked him by entering his cell and refusing to leave. They also asserted that notes provided by Sevilla showed that he and Young were friends.

The district court considered defendants' objections and then adopted the Magistrate Judge's Report and Recommendation. The district court found that "[d]efendants' arguments rely on facts stated most favorably to their position and overlook facts favorable to [Young]." Aplt. App. at 411. The district court concluded that "[v]iewing the entire record, and giving [Young] the benefit of all reasonable inferences in his favor, a reasonable trier of fact could conclude that Defendants knew Sevilla presented a substantial risk of physical harm to [Young] but disregarded that risk." *Id*.

Regarding the first attack, the district court found that "[i]n the context in which Sevilla's threat was made, and in view of the fact that [Young] disclosed Sevilla's conduct to jail officials, a reasonable inference which could be drawn is that Defendants Winchester and Taylor knew [Young] was at risk of retribution from Sevilla when the first attack occurred." *Id*. Regarding the second attack, the district court found that "a factual issue is presented whether Defendants Winchester and Taylor reasonably believed, based on the fact Sevilla confessed to the first attack and reported his version of events, that he presented no further risk of injury to [Young]." *Id*. With respect to the claim against Dickson, the district court found that Young's "testimony that Dickson brought a mop and bucket to [Young's] cell after the attack to clean up [Young's] blood could reasonably show

Defendant Dickson's knowledge of the attack at the time it occurred, not that

Defendant Dickson simply learned about it afterward, as argued by Defendants."

*Id*. at 412. The district court concluded that Young had "presented sufficient

facts, if believed [to] establish violations of his constitutional right to reasonable

safety with regard to both inmate attacks." *Id*.

Next, defendants argued that the law was not clearly established in August

2005 that the specific conduct shown by the record violated Young's

constitutional rights. The district court concluded:

> Like their arguments concerning the existence of a constitutional
> violation, their arguments in support of this assertion-- that a
> reasonable official would not have known that inmate Sevilla
> presented a threat to Plaintiff's physical safety--*depend on facts not
> established by the summary judgment record or factual inferences on
> which reasonable minds could differ. Thus, this issue cannot be
> determined as a matter of law, and summary judgment on the basis of
> qualified immunity is inappropriate.*

*Id*. at 412-13 (emphasis added).

## Discussion

This court has jurisdiction over interlocutory appeals involving the denial

of qualified immunity "*only* to the extent that the appeal is based on an issue of

law." *Dixon v. Kirkpatrick*, 553 F.3d 1294, 1301 (10th Cir. 2009) (emphasis in

original). "[W]e are not at liberty to review a district court's factual conclusions,

such as the existence of a genuine issue of material fact for a jury to decide, or

that a plaintiff's evidence is sufficient to support a particular factual inference."

*Fogarty v. Gallegos*, 523 F.3d 1147, 1154 (10th Cir. 2008). We lack jurisdiction

-6-

over this appeal because defendants challenge the denial of qualified immunity based on the district court's factual rather than legal conclusions.

The district court denied summary judgment because there were genuine issues of material fact in dispute, which is the type of factual determination that "is not appealable even in a qualified immunity case." *Dixon*, 553 F.3d at 1301. Yet defendants' appeal seeks to challenge the district court's factual conclusions. Defendants assert that "the district court incorrectly concluded that Defendants Taylor and Winchester drew the specific inference that inmate Sevilla was likely to injure [Young] and that they disregarded the risk." Aplt. Br. at 12. They argue that "the record contains substantial grounds reflecting their belief that Sevilla was **not** a risk to [Young]." *Id*. at 12 (emphasis in original). In support of their argument, defendants discuss the record evidence and present their version of what reasonable inferences should be drawn from the facts. *See id.* at 12-17. The same is true for their argument about Dickson. *See id*. at 18. At this stage in the proceedings, "[w]e must scrupulously avoid second-guessing the district court's determinations regarding whether [a plaintiff] has presented evidence sufficient to survive summary judgment." *Garrett v. Stratman,* 254 F.3d 946, 952 (10th Cir. 2001) (quotation omitted). Because defendants are asking this court to review the district court's resolution of disputed facts, as opposed to purely legal determinations, we lack jurisdiction to consider this portion of the appeal.

Defendants next argue it was not clearly established that their conduct, "as supported by the record," violated Young's constitutional rights. Aplt. Br. at 19. This argument initially appears to involve a legal determination over which we would have jurisdiction. *See Fogarty*, 523 F.3d at 1153-54 ("[W]e may review the district court's abstract legal conclusions, such as whether the law was clearly established at the time of the alleged infraction."). But defendants do not actually challenge the district court's legal conclusion about the existence of a clearly established right. The magistrate judge determined that "a prison official's obligation to protect a prisoner's safety and bodily integrity is a clearly established right." Aplt. App. at 388. Defendants do not challenge this legal conclusion; instead, drawing all of the inferences in their favor, they essentially reassert their first argument– that the facts in the record would not lead a reasonable officer to conclude that there was a risk of physical harm to Young. Because this argument involves a challenge to the district court's factual, not legal, conclusions, this court lacks jurisdiction to consider it.

Defendants' appeal would require us to decide the correctness of the district court's factual determinations, which we are not permitted to do at this stage in the proceedings. Accordingly, we DISMISS defendants' interlocutory

appeal for lack of jurisdiction and REMAND to the district court for further proceedings.

Appellee's motion for appointment of counsel is DENIED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge